**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MAR 1 0 2003

DAVID J. MALAND, CLERK
BY
DEPUTY

| | | |
|---|---|---|
| HEATHER MORRIS, on her behalf and on behalf of those similarly situated, | § § § | Civil Action No. 4:03cv19 |
| **Plaintiff** | § § | |
| v. | § § | **Collective Action Pursuant to 29 U.S.C. § 216(b)** |
| AUTONATION USA CORPORATION and BANKSTON FORD OF FRISCO, LTD, CO. | § § § § | **Jury Demand** |

## DEFENDANTS' MOTION TO COMPEL
## ARBITRATION AND TO DISMISS OR STAY PROCEEDINGS

Defendants, AUTONATION USA CORPORATION ("Autonation"), and BANKSTON

FORD OF FRISCO, LTD., CO. ("Bankston Ford"), file this their Motion to Compel Arbitration and

to Dismiss or Stay Proceedings, and would respectfully show the Court as follows:

### I.
### INTRODUCTION

Plaintiff asserts an overtime wage claim against Defendants under the FLSA. Plaintiff is

contractually prohibited from pursuing her FLSA claim in this forum because Plaintiff's claim is

subject to a binding arbitration agreement executed by Plaintiff. Accordingly, Defendants file this

Motion To Compel Arbitration and request that the Court dismiss Plaintiff's lawsuit and enter an

order compelling Plaintiff to submit her claim to arbitration. Alternatively, Defendants request that

this Court stay this proceeding pending completion of arbitration.

### II.
### MOTION TO COMPEL

The Federal Arbitration Act ("FAA") makes arbitration agreements in most contracts

enforceable. *See* 9 U.S.C. § 2. "Arbitration is a matter of contract between the parties, and a court



cannot compel a party to arbitrate the dispute unless the court determines the parties agreed to arbitrate the dispute in question."[1]  To determine whether parties have agreed to arbitrate a dispute, courts must determine two things: (1) whether a valid agreement to arbitrate exists between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.[2] In making these determinations, the Fifth Circuit instructs that courts "must bear in the mind the strong federal policy favoring arbitration and resolve any ambiguity as to the availability of arbitration in favor of arbitration."[3]  In this case, both of the requirements identified by the Fifth Circuit are met as to the named plaintiff.  Therefore, Defendants are entitled to an order compelling Plaintiff's claim to arbitration.

## A.    Plaintiff's Agreement to Arbitrate Disputes

Plaintiff executed an Arbitration Agreement with Defendants.  A true and correct copy of this agreements is attached to the Motion as Exhibit A.  The first paragraph of the arbitration agreement provides that the term "Dealership" includes "without limitation any and all parent, subsidiary or affiliated entities, and all of the respective owners, directors, officers, managers (both direct and indirect)."  Therefore, the Arbitration Agreement encompasses the claim asserted against Bankston Ford and Autonation.

---

[1] *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 106 S.Ct. 1415 (1986).

[2] *PaineWebber, Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453 (5th Cir. 2001); *Pennzoil Exploration and Production Co. v. Ramco Energy, Ltd.*, 139 F.3d 1061 (5th Cir. 1998).  Although not explicitly stated in these two 5th Circuit decisions, Section 2 of the FAA also requires that the contract at issue evidence a transaction involving interstate commerce.  That additional requirement is not in dispute in this case because Plaintiff has alleged in paragraphs 8 and 9 that Plaintiff and Defendants are engaged in interstate commerce.

[3] *PaineWebber*, 260 F.3d at 462, citing *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 676 (5th Cir. 1999).

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO
DISMISS OR STAY PROCEEDINGS

**B.    Plaintiff's FLSA Claim is Covered by the Arbitration Agreements**

The Arbitration Agreement executed by the Plaintiff provides, in part, as follows:

## ARBITRATION AGREEMENT

**Arbitration of Disputes.**   Both Employee and the Dealership acknowledge that the Dealership promotes a system of alternative dispute resolution that involves binding arbitration to resolve all dispute that may arise out the employment context.  Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Dealership and Employee, both the Dealership and Employee agree that any claim, dispute, and/or controversy . . . that either the Employee or the Dealership . . . may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Texas Civil Practices and Remedies Code §§ 171.001-171.098.  This specifically includes any claim, dispute, or controversy, including class action claims, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment to, termination of employment, or other association with the Dealership, whether based in tort, contract, statutory, or equitable law, or otherwise.

\* \* \*

**Waiver of Jury Trial.   EMPLOYEE AND DEALERSHIP UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST EACH OTHER.**

\* \* \*

The arbitration agreement specifically covers "all disputes that may arise out of the employment context . . . including class action claims . . . " which necessarily includes the Plaintiff's FLSA wage claim and her collective action.  Plaintiff's FLSA claim clearly falls within the scope of the arbitration agreement between Plaintiff and Defendants.  Under Section 2 of the FAA, Plaintiff is bound by this arbitration agreement.

## C.    The Arbitration Agreement is Enforceable as to Plaintiff's FLSA Claim.

The Supreme Court, in its 1991 decision, *Gilmer v. Interstate/Johnson Lane Corporation*,[4] made it clear that an employee may be compelled under the FAA to arbitrate a statutory claim pursuant to an arbitration agreement.[5] This ruling was based on the "liberal federal policy favoring arbitration agreements."[6] The *Gilmer* court went on to note that the employee bears the burden to show that Congress intended to preclude a waiver of a judicial forum for the statutory claim in question.[7] After finding that the employee, Gilmer, had failed to meet his burden to show that Congress intended to preclude arbitration of claims under the Age Discrimination in Employment Act ("ADEA"), the Supreme Court then affirmed the Fourth Circuit's decision that Gilmer could be compelled to arbitrate his ADEA claims pursuant to an arbitration agreement.[8]

In *Circuit City Stores, Inc. v. Adams*,[9] the Supreme Court reaffirmed its position that an employee's employment discrimination action can be compelled to arbitration under the FAA.[10] In *Circuit City Stores v. Adams*, the Supreme Court resolved a conflict between the Ninth Circuit and most of the other federal circuits by holding that only employment contracts of transportation workers were exempt from the FAA.[11] In its opinion, the Supreme Court reiterated its belief that arbitration agreements can be enforced under the FAA, even when an employee raises statutory

---

[4] 500 U.S. 20, 111 S.Ct. 1647

[5] *Id.*

[6] *Gilmer*, 500 U.S. at 24, quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

[7] *Id.* at 26.

[8] *Id.* at 35.

[9] 532 U.S. 105, 121 S.Ct. 1302 (2001).

[10] *Id.*

[11] *Id.*

claims of discrimination prohibited by state or federal law.[12]

Since *Gilmer*, the Fifth Circuit has ruled that arbitration agreements are enforceable under the FAA, and preclude judicial consideration of claims brought by employees under a variety of federal anti-discrimination statutes. For example, the Fifth Circuit has held that arbitration agreements contained in securities registration applications are enforceable under the FAA and has required that employees pursue claims under the ADEA and Title VII in arbitration.[13] More recently, the Fifth Circuit has relied on *Gilmer* to conclude that arbitration clauses contained in individual employment contracts require arbitration of claims under the Americans With Disabilities Act (ADA) and alleging sexual harassment in violation of Title VII.[14]

Although the Fifth Circuit has not had occasion to consider whether an employee's FLSA claims are subject to arbitration pursuant to an arbitration agreement executed by the employee,[15] both Fourth and the Ninth Circuits have addressed this issue. In both cases, the Circuit Courts found that the employee's FLSA claims were subject to arbitration.[16] In both *Atkins* and the *Kuehner*

---

[12]*Id.*, at 1313.

[13]*Williams v. Cigna Fin. Advisers, Inc.*, 56 F.3d 656 (5th Cir. 1995) (ADEA); *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229 (5th Cir. 1991) (Title VII).

[14]*See Miller v. Public Storage Mgmt., Inc.*, 121 F.3d 215 (5th Cir. 1997) (affirming order compelling arbitration of a terminated employee's claims under the ADA and retaliation under the Texas Labor Code); *Rojas v. TK Communication, Inc.*, 87 F.3d 745 (5th Cir. 1996) (affirming district court's decision that an employee's Title VII sexual harassment claims are subject to compulsory arbitration).

[15]In *Bernard v. IBP, Inc. of Nebraska,* 154 F.3d 259 (5th Cir. 1998), the 5th Circuit did consider whether the plaintiffs' FLSA suit was preempted by the arbitration/grievance handling procedures in a collective bargaining agreement ("CBA"). However, the *Bernard* ruling is inapplicable to this Motion to Compel Arbitration. The Supreme Court has made it clear that its *Barrentine,* 450 U.S. 728, 101 S.Ct. 1437 (1981), decision (and by analogy, then, the *Bernard* decision, which is factually similar to *Barrentine* and specifically relied on *Barrentine* in reaching its holding), is inapplicable to the arbitrability of individually executed pre-dispute arbitration agreements covering federal statutory claims such as the FLSA claims presented in this case. In *Barrentine*, the Supreme Court ruled that an arbitration procedure in a collective-bargaining agreement (CBA) did not preclude a subsequent federal court action under the FLSA. *Barrentine,* 450 U.S. at 745. In *Bernard*, the Fifth Circuit relied upon *Barrentine* in holding that a CBA did not preempt an FLSA claim in federal district court. *Bernard,* 154 F.3d at 263-64.

[16]*See Atkins v. Labor Ready, Inc.,* 303 F.3d 496 (4th Cir.. 2002); *Kuehner v. Dickinson & Co.,* 84 F.3d 316 (9th Cir. 1996).

Appellate Courts reiterated that the employee bears the burden to show that Congress meant to preclude arbitration of FLSA claims.[17]  In both these cases, the Courts then affirmed the District Court's decision to compel the Plaintiffs' FLSA claims to arbitration, after noting that the Plaintiffs had failed to show that anything in the text of the FLSA, or in its legislative history, indicated that Congress intended to preclude arbitration of FLSA claims.[18]

Although the Fifth Circuit has not addressed the arbitrability of FLSA claims, Judge Rosenthal of the United States District Court for the Southern District of Texas, Houston Division, did so in a 1993 decision.[19]  In that opinion, Judge Rosenthal first rejected the employee's claim that the arbitration clause should not be enforced because the Plaintiffs' employment agreements were not the result of arms-length bargaining.  Rosenthal so ruled based on the long-standing and well established case law that attacks on the contract as a whole must be resolved in arbitration.[20]  Judge Rosenthal then relied on the Supreme Court's *Gilmer* decision to rule that "[t]he fact that plaintiffs' suit is based on the Fair Labor Standards Act does not preclude arbitration."[21]  Judge Rosenthal went on to note that the plaintiffs did not make a showing that Congress intended to preclude arbitration of FLSA claims, or that there is any inconsistency or conflict between arbitration and the FSLA's underlying purposes.  Accordingly, Rosenthal ruled that the arbitration agreements were enforceable as to plaintiffs' FLSA claims.[22]

---

[17]*Kuehner*, at 319; *Atkins*, at 506.

[18]*Id.*

[19]*See Hampton v. ITT Corporation*, 829 F.Supp. 202 (S.D. Tex. 1993).

[20]*Hampton v. ITT Corp.* 829 F.Supp at 204 citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967).

[21]*Id.*

[22]*Id.*

Here, Plaintiff's FLSA claim is clearly within the scope of the express language of the Arbitration Agreement executed by the Plaintiff. This Arbitration Agreement is enforceable as to Plaintiff's FLSA claim because Plaintiff cannot meet the burden to show that Congress intended to preclude a waiver of a judicial forum for FLSA claims.[23] The Courts in *Kuehner*, *Atkins* and *Hampton* have already determined that Plaintiff cannot meet that burden because there is nothing in the text of the FLSA, or in its legislative history, to show that Congress intended to preclude arbitration of FLSA claims.[24] Accordingly, this Court should enforce Plaintiff's arbitration agreement and compel Plaintiff's FLSA claim against Defendants to arbitration.

## III.
## REQUEST TO DISMISS OR STAY PROCEEDINGS

FAA § 4 empowers this Court to enter an order compelling Plaintiff to submit her FLSA claim to arbitration in accordance with the arbitration agreement. In its order compelling Plaintiff's FLSA claim to arbitration, Defendants also request that the Court dismiss this suit based on language contained in the arbitrations agreements executed by the Plaintiff. In the Arbitration of Disputes section of the Arbitration Agreement, Plaintiff acknowledged that the "Dealership promotes a system of alternative dispute resolution that includes binding arbitration to resolve all disputes that may arise out of the employment context." Within that same section of the arbitration agreement, Plaintiff acknowledges that "any . . . claim . . . that the Employee or Dealership . . . may have against each other *shall be submitted to and determined exclusively by* binding arbitration" (emphasis added). Consequently, Plaintiff contractually agreed that "Claims," including claims for wages and other compensation, may only be pursued through arbitration pursuant to the FAA. Therefore, this Court

---

[23]*See Gilmer, supra; Kuehner, supra; Atkins, supra.*

[24]*Kuehner, supra; Atkins, supra; Hampton, supra.*
DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO
DISMISS OR STAY PROCEEDINGS                                                          **PAGE 7**

should grant Defendants' Motion, compel Plaintiff's FLSA claim to arbitration, and dismiss this action. Alternatively, this lawsuit should be stayed pursuant to FAA § 3, which requires courts to enter a stay of proceedings for any matter referable to arbitration.[25]

## VII.
## CONCLUSION

Defendants, AUTONATION USA CORPORATION and BANKSTON FORD OF FRISCO, LTD., CO., request that the Court enter an order:

(1)      compelling Plaintiff to submit her claim to arbitration;

(2)      dismissing this lawsuit or, alternatively staying further proceedings in this case; and

(3)      awarding Defendants such other and further relief to which they are justly entitled.

Respectfully submitted,

GIBSON, McCLURE, WALLACE & DANIELS, L.L.P.

By: _____
Ruth Ann Daniels
State Bar No. 15109200
Aaron R. Ramirez
State Bar No. 24027644

8080 N. Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1838
TEL: (214) 891-8040
FAX: (214) 891-8010

COUNSEL FOR DEFENDANTS COUNTRYWIDE CREDIT
INDUSTRIES, INC, COUNTRYWIDE HOME LOANS, INC.
and FULL SPECTRUM LENDING, INC.

---

[25]*See* 9 U.S.C. § 3.

## CERTIFICATE OF CONFERENCE

Counsel for movant conducted a conference with counsel for Plaintiff on **March 10, 2002**, at which there was a substantive discussion of the matters presented in the Motion to Compel Arbitration. Counsel for Plaintiff opposes the Motion, so it is presented to the Court for resolution.

Aaron R. Ramirez

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been forwarded to counsel of record listed below, by certified mail, return receipt requested, this **10th** day of **March, 2003:**

> J. Derek Braziel
> Edwards & George
> 208 N. Market Street, Suite 400
> Dallas, TX 75202

Aaron R. Ramirez

## ARBITRATION AGREEMENT

**Arbitration of Disputes.**  Both Employee and the Dealership acknowledge that the Dealership promotes a system of alternative dispute resolution that involves binding arbitration to resolve all disputes that may arise out of the employment context.  Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Dealership and Employee, both the Dealership and Employee agree that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on the Texas Commission on Human Rights Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that either the Employee or the Dealership (which Employee agrees includes without limitation any and all parent, subsidiary or affiliated entities, and all of the respective owners, directors, officers, managers (both direct and indirect), employees, and agents of the Dealership) may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Texas Civil Practice and Remedies Code §§ 171.001-171.098. This specifically includes any claim, dispute, or controversy, including class action claims, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Dealership, whether based on tort, contract, statutory, or equitable law, or otherwise.

**Claims Excepted From Binding Arbitration.**  The sole exceptions to the mandatory arbitration provision are claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under Workers' Compensation, and Unemployment Compensation claims filed with the state.  However, nothing herein shall prevent Employee from filing and pursuing administrative proceedings only before the U.S. Equal Employment Opportunity Commission or an equivalent state agency.

**Rules of Arbitration.**  In addition to requirements imposed by law, any arbitrator herein shall be a retired state or federal court judge, or other similarly qualified individual with arbitration experience as mutually agreed to by the parties, and shall be subject to disqualification on the same grounds as would apply to a judge of such court.  The arbitrator shall observe the rules of procedure, evidence, and discovery applicable in civil cases pending in state or federal court, or such other procedural rules as the arbitrator shall designate, provided they allow the parties to prosecute or defend their respective claims and defenses. Resolution of the dispute shall be based solely upon the law governing the claims and defenses set forth in the pleadings, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law. The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity



EXHIBIT

A

the capacity of an arbitrator, which immunity supplements any other existing immunity. Likewise, all communications during or in connection with the arbitration proceedings are privileged. As reasonably required to allow full use and benefit of this agreement, the arbitrator shall extend the times set for the giving of notices and setting of hearings. Decisions shall include the arbitrator's written reasoned opinion, and shall be final and binding upon the parties.

**Waiver of Jury Trial.** **EMPLOYEE AND DEALERSHIP UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST EACH OTHER.**

**Severability.** Should any term or provision, or portion thereof, be declared void or unenforceable it shall be severed and the remainder of this agreement shall be enforceable.

**Exclusive Agreement.** It is further agreed and understood that any agreement contrary to the foregoing must be entered into, in writing, by the General Manager of the Dealership. No supervisor or representative of the Dealership, other than the General Manager of the Dealership, has any authority to enter into any agreement contrary to the foregoing arbitration provisions. Oral representations made before or after Employee is hired do not alter this agreement.

**Entire Agreement.** This is the entire agreement between the Dealership and Employee regarding dispute resolution and this agreement supersedes any and all prior agreements regarding this issue.

**MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.**

Signed at _Frisco_ , Texas, this _30_ day of _May_ , 20_01_

_Heather_ (signature)
Employee's Signature

_Heather Morris_
Print Name (Employee)

_Bankston Ford of Frisco_
Dealership Name

_Mike Palm_ (signature)
By General Manager